IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 APR -3  P 3:57

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| WILBERT D. MYHAND | ) 2:07 cv 285 - MEF |
| | ) |
| Defendant | ) |

## COMPLAINT

The Plaintiff, United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, for cause of action alleges:

1. The United States brings this civil action under the Federal Debt Collection Procedures Act of 1990, Title 28, United States Code, Section 3001(a), and common law.

2. This Court has jurisdiction over this action by virtue of Title 28, United States Code, Section 1345.

3. That the defendant, Wilbert D. Myhand, is a resident of the Middle District of Alabama.

4. That the defendant owes plaintiff the total sum of $6,626.55 ($2,500.00 principal, plus interest in the amount of $4,126.55, as of February 19, 2007), plus interest at the rate of 7.00 percent per annum thereafter until the date of judgment, according to the Certificate of Indebtedness and Promissory Note

attached hereto as Exhibits A, B, C, D, E, F and G.

5.  Written demand has been made upon defendant for the amount of this claim, but defendant has failed and refused to make payment thereof.

Wherefore, plaintiff demands judgment against defendant in the amount of $6,626.55, plus interest at the rate of 7.00 percent per annum thereafter to the date of judgment, and interest at the legal rate from the date of judgment until paid in full, for cost of suit and other proper relief.

DATED April 2, 2007.

        LEURA G. CANARY
        UNITED STATES ATTORNEY

By: _____
    R. RANDOLPH NEELEY
    Assistant United States Attorney
    BAR NO. 9083-E56R

Post Office Box 197
Montgomery, AL 36101
Telephone: (334) 223-7280
Facsimile: (334) 223-7201

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS #1 OF 1

Wilbert D. Myhand
aka: Wilbert Myhand
12689 US Hwy. 231 Lot 69
Troy, AL 36081-9113
Account No:    8749

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 02/19/07.

On or about 06/19/75, 01/06/76, 09/12/75, 09/07/76, 12/14/76 and 08/25/77, the borrower executed promissory note(s) to secure loan(s) of $500.00, $350.00, $350.00, $300.00, $300.00 and $750.00 from San Angelo National Bank (San Angelo, TX) at 7.00 percent interest per annum. This loan obligation was guaranteed by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 08/04/78. Due to this default, the holder filed a claim on the loan guarantee. The loan was subsequently assigned to the Department on 11/29/79. The department paid a claim in the amount of $2,786.18 to the holder.

Since assignment of the loan, the Department has credited a total of $934.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

Principal:                                $2,500.00

Interest:                                 $4,126.55

Total debt as of 02/19/07:                $6,626.55

Interest accrues on the principal shown here at the rate of $.48 per day.

Pursuant to 28 U.S.C § Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 3/6/07

_____
Loan Analyst
Litigation Branch

A

| | |
|---|---|
| DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE<br>OFFICE OF EDUCATION<br>WASHINGTON, D.C. 20202<br>PROMISSORY NOTE<br>FEDERAL INSURED STUDENT LOAN PROGRAM (Public Law 89-329, IV-B) | CITY  SAN ANGELO<br>STATE  TEXAS |

I, __WILBERT D. MYHAND__, hereinafter called the "maker," promise to pay to __SAN ANGELO NATIONAL BANK__, hereinafter called the "lender," located at __SAN ANGELO, TEXAS__, the sum of $ __500.00__ which has been advanced to me, together with simple interest at the rate of __7__ percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government

The maker further understands and agrees, and it is understood between the parties that

I    Pursuant to an agreement with the U.S. Commissioner of Education, hereinafter called the "Commissioner," the lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of Federal Regulations pertaining to such Act, a copy of which is on file with the lender

II    Repayment of principal, together with interest thereon, shall be made over a period commencing __9__ months after the date on which the maker ceases to carry, at an institution determined to be eligible for that purpose under the Act and Regulations pertaining thereto, hereinafter called an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV(2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. Interest shall ac[crue] period prior to the commencement of repayment period but at the option of the lender need not b[e] that period. Such accrued interest shall, at the commencement of the repayment period, be adde[d as] a part of the principal amount of the loan. Repayment of principal, together with interest the[reon] made in periodic installments in accordance with Either (1) a repayment schedule to be provide[d] er prior to the commencement of the repayment period which will be made a part of this note or of a separate instrument which shall be subject to the terms of this note and which the borrowe[r shall] execute prior to commencement of the repayment period

III    The maker agrees to pay the lender in addition to interest and principal due an amount equ[al to] premiums that the lender is required to pay to the Commissioner in order to provide insurance co[verage] principal amount of this note. Payments covering the period of time extending from the date of this note to the commencement of the repayment period (estimated in accordance with instructions Commissioner) shall be due and payable immediately.

IV    This note is subject also to the following conditions

(1) The maker may at his option and without penalty prepay all or any part of the principal accrued interest at any time

(2) Installments of principal need not be paid during any period (A) during which the maker at an eligible institution, a full-time academic work load, (B) not in excess of three years duri[ng which the] maker is a member of the Armed Forces of the United States, (C) not in excess of three years during [which the] maker serves as a volunteer under the Peace Corps Act or (D) not in excess of three years during [which the] maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964, and such pe[riods under] (B), (C), or (D) shall not be included in determining the period during which repayment must be c[ompleted]

(3) Notwithstanding the minimum repayment period set forth in paragraph II, installment paym[ents shall] be made at an annual rate of not less than the difference between the combined annual rate of repa[yment of] other notes of the maker which are insured under the Act and $360

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indeb[tedness] including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled

(6) The maker shall inform the lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student

| SIGNATURE | ADDRESS | DATE |
|---|---|---|
| _Wilbert D. Myhand_ | Box 8918, ASU Station<br>San Angelo, TX  76901 | 6-19-75 |
| SIGNATURE | ADDRESS | DATE |

CAVEAT   This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State Law, create a binding obligation, endorsement may be required. The lender shall supply a copy of this note to the maker

OE FORM 1164, 3/69

(stamp: MYHAND*WILBERT D* CLAIM NO 006800646 11-29-79 SSN -8749 TD 1)

All right, title and interest of the undersigned is hereby assigned (without warranty), except that the note qualifies for insurance to the United States of America.

Name of Lender: SAN ANGELO NATIONAL BANK

Signature of Officer: *Dick Hamilton* (signature)

Typed Name of Officer: Dick Hamilton

Title of Officer: Credit Officer

Date Signed: 11/15/79

#21930

Due 2-20-98

**DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE**
**OFFICE OF EDUCATION**
**WASHINGTON, D.C. 20202**

**PROMISSORY NOTE**
**FEDERAL INSURED STUDENT LOAN PROGRAM** (Public Law 89-329, IV-B)

| CITY | SAN ANGELO |
|---|---|
| STATE | TEXAS |

I, **WILBERT D. MYHAND**, hereinafter called the "maker," promise to pay to **SAN ANGELO NATIONAL BANK,** hereinafter called the "lender," located at **SAN ANGELO, TX**, the sum of $ **350.00** which has been advanced to me, together with simple interest at the rate of **7** percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government

The maker further understands and agrees, and it is understood between the parties that

I. Pursuant to an agreement with the U.S. Commissioner of Education, hereinafter called the "Commissioner," the lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of Federal Regulations pertaining to such Act, a copy of which is on file with the lender.

II. Repayment of Principal, together with interest thereon, shall be made over a period commencing **9** months after the date on which the maker ceases to carry, at an institution determined to be eligible for that purpose under the Act and Regulations pertaining thereto, hereinafter called an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV(2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. Interest shall accrue during the period prior to the commencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with. Either (1) a repayment schedule to be provided by the lender prior to the commencement of the repayment period which will be made a part of this note or (2) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period.

III. The maker agrees to pay the lender in addition to interest and principal due an amount equal to the premiums that the lender is required to pay to the Commissioner in order to provide insurance coverage for the principal amount of this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time

(2) Installments of principal need not be paid during any period (A) during which the maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker serves as a volunteer under the Peace Corps Act or (D) not in excess of three years during which the maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964, and such period in (A), (B), (C), or (D) shall not be included in determining the period during which repayment must be completed

(3) Notwithstanding the minimum repayment period set forth in paragraph II, installment payments shall be made at an annual rate of not less than the difference between the combined annual rate of repayment on all other notes of the maker which are insured under the Act and $360

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled

(6) The maker shall inform the lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student

| SIGNATURE | ADDRESS | DATE |
|---|---|---|
| /s/ Wilbert Myhand | P. O. Box 621 San Angelo, TX 76901 | 9-12-75 |
| SIGNATURE | ADDRESS | DATE |

| CAVEAT | This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State Law, create a binding obligation, endorsement may be required. The lender shall supply a copy of this note to the maker | C |

OE FORM 1164, 3/69

All right, title and interest of the undersigned is hereby assigned (without warranty), except that the note qualifies for insurance to the United States of America.

Name of Lender: SAN ANGELO NATIONAL BANK

Signature of Officer: *[signature]*

Typed Name of Officer: Dick Hamilton

Title of Officer: Credit Officer

Date Signed: 11/15/79

#21930                                    Due 2-20-78

| DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE | CITY |
| OFFICE OF EDUCATION | SAN ANGELO |
| WASHINGTON, D C 20202 | STATE |
| PROMISSORY NOTE | TEXAS |
| FEDERAL INSURED STUDENT LOAN PROGRAM (Public Law 89-329, IV-B) | |

I, __WILBERT D. MYHAND__, hereinafter called the "maker," promise to pay to

__SAN ANGELO NATIONAL BANK__, hereinafter called the "lender," located at

__SAN ANGELO, TEXAS__, the sum of $__350.00__ which has been advanced to me, together with simple interest at the rate of __7__ percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker further understands and agrees, and it is understood between the parties that:

I. Pursuant to an agreement with the U. S. Commissioner of Education, hereinafter called the "Commissioner," the lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of Federal Regulations pertaining to such Act, a copy of which is on file with the lender.

II. Repayment of Principal, together with interest thereon, shall be made over a period commencing __9__ months after the date on which the maker ceases to carry, at an institution determined to be eligible for that purpose under the Act and Regulations pertaining thereto, hereinafter called an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV(2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. Interest shall accrue during the period prior to the commencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: Either (1) a repayment schedule to be provided by the lender prior to the commencement of the repayment period which will be made a part of this note: or (2) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period.

III. The maker agrees to pay the lender in addition to interest and principal due an amount equal to the premiums that the lender is required to pay to the Commissioner in order to provide insurance coverage for the principal amount of this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

(2) Installments of principal need not be paid during any period (A) during which the maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker serves as a volunteer under the Peace Corps Act or (D) not in excess of three years during which the maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A), (B), (C), or (D) shall not be included in determining the period during which repayment must be completed.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, installment payments shall be made at an annual rate of not less than the difference between the combined annual rate of repayment on all other notes of the maker which are insured under the Act and $360.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled.

(6) The maker shall inform the lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student.

| SIGNATURE | ADDRESS | DATE |
| *Wilbert Myhand* | Box 8918, ASU Stn. San Angelo, TX  76901 | 1-6-76 |
| SIGNATURE | ADDRESS | DATE |

CAVEAT — This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State Law, create a binding obligation, endorsement may be required. The lender shall supply a copy of this note to the maker.

OE FORM 1164, 3/69

right, title and interest of the undersigned is hereby assigned thout warranty), except that the note qualifies for insurance the United States of America.

SAN ANGELO NATIONAL BANK

*[signature: Dick Hamilton]*

Dick Hamilton
Credit Officer
11/15/79

e of Lender:

nature of Officer:

ed Name of Officer:

tle of Officer:

te Signed:

# 21930    Due: 9-20-79

| | CITY |
|---|---|
| DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE<br>OFFICE OF EDUCATION<br>WASHINGTON D.C. 20202 | San Angelo |
| PROMISSORY NOTE | STATE |
| FEDERAL INSURED STUDENT LOAN PROGRAM (Public Law 89-329 IV-B) | Texas |

I, WILBERT D. MYHAND , hereinafter called the "maker," promise to pay to

SAN ANGELO NATIONAL BANK , hereinafter called the "lender," located at

SAN ANGELO, TEXAS , the sum of $ 300.00 which has been advanced to me, together with simple interest at the rate of 7 percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker further understands and agrees, and it is understood between the parties that:

I. Pursuant to an agreement with the U.S. Commissioner of Education, hereinafter called the "Commissioner," the lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of Federal Regulations pertaining to such Act, a copy of which is on file with the lender.

II. Repayment of Principal, together with interest thereon, shall be made over a period commencing 9 months after the date on which the maker ceases to carry, at an institution determined to be eligible for that purpose under the Act and Regulations pertaining thereto, hereinafter called an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV(2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. Interest shall accrue during the period prior to the commencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with Either (1) a repayment schedule to be provided by the lender prior to the commencement of the repayment period which will be made a part of this note, or (2) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period.

III. The maker agrees to pay the lender in addition to interest and principal due an amount equal to the premiums that the lender is required to pay to the Commissioner in order to provide insurance coverage for the principal amount of this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

(2) Installments of principal need not be paid during any period (A) during which the maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker serves as a volunteer under the Peace Corps Act or (D) not in excess of three years during which the maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A), (B), (C), or (D) shall not be included in determining the period during which repayment must be completed.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, installment payments shall be made at an annual rate of not less than the difference between the combined annual rate of repayment on all other notes of the maker which are insured under the Act and $360.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled.

(6) The maker shall inform the lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student.

| SIGNATURE<br>_Wilbert Myhand_ | ADDRESS<br>1905 S. Pierce #30<br>San Angelo, Tx 76901 | DATE<br>9-7-76 |
|---|---|---|
| SIGNATURE | ADDRESS | DATE |

| CAVEAT | This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State Law, create a binding obligation, endorsement may be required. The lender shall supply a copy of this note to the maker. |
|---|---|

OE FORM 1164, 3/69

All right, title and interest of the undersigned is hereby assigned (without warranty), except that the note qualifies for insurance to the United States of America.

Name of Lender: SAN ANGELO NATIONAL BANK

Signature of Officer: *Dick Hamilton* (signature)

Typed Name of Officer: Dick Hamilton

Title of Officer: Credit Officer

Date Signed: 11/15/79

# 21930                                                              Due: 9-20-79

**DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE**
**OFFICE OF EDUCATION**
**WASHINGTON, D.C. 20202**

**PROMISSORY NOTE**
**FEDERAL INSURED STUDENT LOAN PROGRAM (Public Law 89-329, IV-B)**

CITY: SAN ANGELO
STATE: TEXAS

I, WILBERT D. MYHAND, hereinafter called the "maker," promise to pay to SAN ANGELO NATIONAL BANK, hereinafter called the "lender," located at SAN ANGELO, TEXAS, the sum of $300.00 which has been advanced to me, together with simple interest at the rate of 7 percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker further understands and agrees, and it is understood between the parties that:

I. Pursuant to an agreement with the U. S. Commissioner of Education, hereinafter called the "Commissioner," the lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of Federal Regulations pertaining to such Act, a copy of which is on file with the lender.

II. Repayment of Principal, together with interest thereon, shall be made over a period commencing 9 months after the date on which the maker ceases to carry, at an institution determined to be eligible for that purpose under the Act and Regulations pertaining thereto, hereinafter called an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV(2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. Interest shall accrue during the period prior to the commencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with. Either (1) a repayment schedule to be provided by the lender prior to the commencement of the repayment period which will be made a part of this note. or (2) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period.

III. The maker agrees to pay the lender in addition to interest and principal due an amount equal to the premiums that the lender is required to pay to the Commissioner in order to provide insurance coverage for the principal amount of this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. This note is subject also to the following conditions.

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

(2) Installments of principal need not be paid during any period (A) during which the maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker serves as a volunteer under the Peace Corps Act or (D) not in excess of three years during which the maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A), (B), (C), or (D) shall not be included in determining the period during which repayment must be completed.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, installment payments shall be made at an annual rate of not less than the difference between the combined annual rate of repayment on all other notes of the maker which are insured under the Act and $360.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled.

(6) The maker shall inform the lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student.

SIGNATURE: /s/ Wilbert Myhand
ADDRESS: 1905 S. Pierce #30, San Angelo, Tx 76901
DATE: 12-14-76

SIGNATURE:
ADDRESS:
DATE:

**CAVEAT**: This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State Law, create a binding obligation, endorsement may be required. The lender shall supply a copy of this note to the maker.

All right, title and interest of the undersigned is hereby assigned (without warranty), except that the note qualifies for insurance to the United States of America.

Name of Lender: SAN ANGELO NATIONAL BANK

Signature of Officer: *[signature]*

Typed Name of Officer: Dick Hamilton

Title of Officer: Credit Officer

Date Signed: 11/15/79

# 21930

## PROMISSORY NOTE
### FEDERAL INSURED STUDENT LOAN PROGRAM (20 U.S.C. 1071 et seq)

DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE
OFFICE OF EDUCATION
WASHINGTON, D.C. 20202

| CITY | SAN ANGELO |
|---|---|
| STATE | TEXAS |

| DATE FINANCE CHARGES BEGIN TO ACCRUE (This date need not be included if it is the same as the date of the transaction.) | AMOUNT FINANCED $ 750.00 | PREPAID FINANCE CHARGES (Insurance premiums) $ 4.41 | AMOUNT OF LOAN $ 750.00 |
|---|---|---|---|
| ANNUAL PERCENTAGE RATE | | A) PRIOR TO BEGINNING OF REPAYMENT PERIOD 7 | B) DURING REPAYMENT PERIOD 7 |

I, **WILBERT D. MYHAND**, hereinafter called the "maker," promise to pay to **SAN ANGELO NATIONAL BANK**, hereinafter called the "lender," located at **SAN ANGELO, TEXAS**, the sum of $ **750.00** to the extent it is advanced to me, plus simple interest at the rate of **7** percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government or by an escrow agent.

The maker and lender further understand and agree that

I. The lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of the Act and the FEDERAL REGULATIONS pertaining to such Act, a copy of which is on file with the lender.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing **9** months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph V (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. EXCEPTION The maker and lender, during the _____ month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the commencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with either (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period, or (2) a repayment schedule established by the lender prior to the commencement of the repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay to the U.S. Commissioner of Education (hereinafter called the "Commissioner") in order to provide insurance coverage on this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. Maker authorizes the lender to disburse the proceeds of this note to an escrow agent, on behalf of the maker, for redisbursement to the maker in accordance with instructions issued by the Commissioner. Lender will not attempt to collect from the maker such sums of money as have been disbursed to an escrow agent account but not redisbursed by the escrow agent to or on behalf of the maker.

V. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of such prepayment, the maker shall be entitled to rebate of unearned interest computed by ☒ the Sum of Digits Formula (rule of 78ths), ☐ other (identify) _____

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker serves as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be cancelled pursuant to regulations issued by the Commissioner.

(6) Makers shall promptly notify the lender or any other holder of this note in writing of any change or changes in his address or his status as at least a half-time student.

(7) A late charge of 5 percent of the installment payment or $5.00, whichever is less, may be charged on any payment made later than 10 days after the due date.

| SIGNATURE | ADDRESS 1905 S. Pierce #30 San Angelo, Tx 76901 | DATE 8-25-77 |
|---|---|---|
| SIGNATURE /s/ Wilbert Myhand | ADDRESS AUDITED AUG 25 | DATE |

NOTICE: This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State law, create a binding obligation, endorsement may be required. The lender shall supply a copy of this note to the maker

OE FORM 1164, 4/77

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

**BORROWER RIGHTS**

1. The loan check must be made payable to the borrower and require his/her endorsement

2. If the lender transfers (e.g. sells) the loan and the right to receive payments, the borrower must be sent a clear notification which spells out the borrower's obligations to the new holder

3. Borrowers have a right to Federal interest benefits, if qualified. For more information about interest benefits, check the instruction section of the application.

4. Lenders must provide the borrower with a copy of the completed promissory note

5. Borrowers have a right to a 9 to 12 month "grace period" before repayment begins after the borrower has left school or is attending school less than half-time. The exact length of this period is indicated by the lender on the promissory note.

6. Borrowers have a right to prepay the loan without penalty. The borrower may, at any time, pay the loan balance and any interest due without being charged a penalty by the lender.

7. Borrowers have a right to deferment of repayment. Under deferment a borrower is not required to make payments on the loan principal for a period of time. The conditions that qualify a borrower for a deferment are listed in Section V(2) on the promissory note. Also, if the borrower qualified for Federal interest benefits while in school, he/she will not be required to pay interest on the loan during the deferment period.

8. Borrowers may request forbearance. If the borrower cannot meet his/her repayment schedule, he/she may request forbearance from the lender, under which the payments may be reduced for a specified period of time if it will assist the borrower in avoiding default.

9. The loan obligation will be canceled in the event of death or permanent and total disability. THIS LOAN CANNOT BE CANCELED OR "FORGIVEN" FOR DUTY IN THE MILITARY SERVICE OR FOR TEACHING IN SHORTAGE AREAS.

**BORROWER RESPONSIBILITIES**

1. The borrower must use care in choosing a school. All schools must provide information to prospective students about the school's programs and performance. Borrowers should consider this information carefully before deciding to attend a school.

2. The borrower must arrange with the lender to pay the interest on the loan if he/she does not qualify for Federal interest benefits. Interest benefits are explained in the instruction section of the application booklet.

3. The borrower must notify the lender if any of the following occurs before the loan is repaid
   A. graduation
   B. withdrawal from school or less than half-time attendance
   C. changes of address

4. The borrower should notify the lender if any of the following occurs before the loan is repaid
   A. name changes (e.g., maiden name to married name)
   B. transfers to other schools

5. The borrower must repay the loan in accordance with the repayment schedule. More detailed information about the repayment terms are listed in Sections II and V of the promissory note.

6. The borrower must notify the lender of any occurrence which may affect the borrower's eligibility for a deferment if the borrower is under deferment of repayment

By my signature below I CERTIFY that I have read and discussed my rights and responsibilities listed above with the lender.

_____          8-23-77
SIGNATURE OF BORROWER                     DATE

U. S. GOVERNMENT PRINTING OFFICE, 1977 O-228-801